UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


KATHRYN PLUMLEY-DECHIARO,

        Plaintiff,

vs.                                  Case No. 3:08-cv-283-J-HTS

MICHAEL ASTRUE, U.S.
Commissioner of Social
Security,

        Defendant.
_____


**<u>OPINION AND ORDER</u>**[1]

**<u>I.   Status</u>**

Kathryn L. Plumley-Dechiaro is appealing the Social Security Administration's denial of her claims for Disability Insurance Benefits and Supplemental Security Income.[2]  Her alleged inability to work is based on a right wrist injury, burns, and "complications from compensating for [her] injury[.]"  Transcript of Administrative Proceedings (Tr.) at 133.  Ms. Plumley-Dechiaro was

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #13).

[2] It is observed Plaintiff at one point acknowledged in a letter "her resources are to[o] great to qualify for SSI[,]" Transcript of Administrative Proceedings at 137DD; *cf. id.* at 436-38, but it does not appear the application was ever considered formally withdrawn.  *See id.* at 14, 21; Memorandum in Support of the Commissioner's Decision (Doc. #15) at 1, 4 n.2, 14; *cf.* Memorandum in Opposition to the Commissioner's Decision (Doc. #14) at 1 (relying in part on 42 U.S.C. § 1383(c)(3)).

ultimately found not disabled by Administrative Law Judge (ALJ) James R. Russell on February 3, 2006. *Id.* at 14, 21. Claimant has exhausted the available administrative remedies and the case is properly before the Court. On appeal, it is argued the judge "erred in failing to give appropriate weight to Plaintiff's treating specialist." Memorandum in Opposition to the Commissioner's Decision (Doc. #14; Memorandum) at 7 (emphasis omitted). Additionally, Plaintiff contends "a deficient residual functional capacity" was assigned "that failed to take [her] pain into consideration." *Id.* at 9 (emphasis omitted).

## II.  Legal Standard

This Court reviews the Commissioner's final decision as to disability[3] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by substantial evidence[.]" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (internal quotation marks omitted); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir.

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A). An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy. *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Ingram*, 496 F.3d at 1260. Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]" *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III. Discussion

**A. Treating Physician**

According to Plaintiff, "[t]he ALJ's rationale for rejecting Dr. [Vidya] Jain's opinion does not conform to the applicable law[.]" Memorandum at 9.

Unless rejected for good cause, a treating physician's opinion "is entitled to substantial weight[.]" *Ogranaja v. Comm'r of Soc. Sec.*, 186 F. App'x 848, 850 (11th Cir. 2006) (per curiam) (quoting *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991)); *see also Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). Further, the weight afforded a treating doctor's opinion must be

specified along with "any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *see also Phillips*, 357 F.3d at 1241 ("When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate [his or her] reasons.").

"The treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory." *Edwards*, 937 F.2d at 583; *see also Ogranaja*, 186 F. App'x at 850; *Phillips*, 357 F.3d at 1240-41. ALJs, however, may not simply substitute their own judgment for that of a medical expert. *See Graham v. Bowen*, 786 F.2d 1113, 1115 (11th Cir. 1986) (per curiam). It has sometimes even been stated that, "[w]here the [Commissioner] has ignored or failed properly to refute a treating physician's testimony, . . . as a matter of law . . . he has accepted it as true." *MacGregor*, 786 F.2d at 1053.

Claimant states that Dr. Jain, who "is the most qualified to render an opinion regarding [her] functional status[,]" provided "a current residual functional capacity (RFC) opinion . . . on August 11, 2005." Memorandum at 8; *cf.* Tr. at 388-90. The ALJ rejected this assessment in part, explaining the physician's

> lifting limitations are not fully supported. Dr. Jain's records never noted the claimant having any lifting restriction at all. . . . Also, Dr. Jain stated that the claimant has had these limitations since 1991, but this part of his opinion is given no weight because he was not

>the claimant's treating physician until 2000, almost 10 years later.

Tr. at 19. Plaintiff takes issue with the judge's analysis of Dr. Jain's opinion in three respects, which will be addressed in turn.

"First," claims Ms. Plumley-Dechiaro, "the ALJ does not provide specific examples of objective medical findings that contradict Dr. Jain's opinion regarding [her] RFC." Memorandum at 9. The Court agrees with this observation and further notes the judge did not specifically identify or discuss what limitations, apart from lifting difficulties, he was rejecting. For instance, Dr. Jain opined Claimant would need to rest for ten minutes every two hours during a workday. *See* Tr. at 389. The physician also believed she would need to be absent on average four times per month as a result of her impairments or treatment requirements, and that her pain or fatigue would frequently interfere with her ability to pay attention and concentrate. *See id.* at 390. Nevertheless, the ALJ supplied no analysis of these alleged limitations. At one point he mentions the performance of daily activities, including housework, *see id.* at 19, but this would not

alone refute the existence of the restrictions outlined above.[4] This case will be remanded for reevaluation of Dr. Jain's opinions.

Next, Plaintiff asserts "the ALJ ignores the fact that Dr. Jain reviewed [her] medical records back to the date of her injury." Memorandum at 9. At the hearing, Dr. Jain's testimony indicates that, apart from physical therapy records, *see* Tr. at 453, he was familiar with Claimant's medical history at least back to 1991.[5] *See id.* at 450-53. As mentioned, though, much of the retrospective portion of the doctor's opinion was "given no weight because he was not the claimant's treating physician until 2000[.]" *Id.* at 19. This reasoning is arguably contradicted by the fact the ALJ proceeded to afford "persuasive weight" to the opinions of individuals who had neither treated nor examined Plaintiff on any occasion. *Id.* When reevaluating Dr. Jain's opinions, the Judge should be sure to give special attention to this aspect of his analysis.

---

[4] Regarding lifting limitations and the judge's charge that records from the doctor "never noted the claimant having any lifting restriction at all[,]" *id.* at 19, the Court observes that a progress note from April 19, 2004, mentions a complaint of worsening pain due to the lifting of suitcases. *See id.* at 369. An earlier note explains "[t]he patient is now at a stage where she gets wrist swelling and aggravation with . . . use." *Id.* at 386. As of ten days before Dr. Jain's RFC opinion was rendered, "[s]welling [was] still 2+ of the Rt wrist." *Id.* at 391; *see also id.* at 392-94. An evaluation completed the following month indicates an even more restrictive ability to lift. *See id.* at 398. At the hearing, the doctor testified that, apart from the problems with her right wrist, Claimant's "left hand is weak and probably is not [as] usable" as one might expect. *Id.* at 452.

[5] The doctor believed her functional limitations had been "ongoing since 1991." *Id.* at 390; *see also id.* at 450.

Finally, it is contended the Decision "contains a contradiction regarding Plaintiff's upper extremity impairment. The ALJ asserts that Dr. Jain's office notes confirm that no more surgery was recommended for Plaintiff. Conversely, on the next page [he] holds that three doctors have indicated that surgery would help Plaintiff's condition." Memorandum at 9 (citations to record omitted). The judge did state that "Dr. Jain's notes confirm that no more surgery was recommended[.]" Tr. at 18. And he thereafter noted "three doctors have indicated surgery would help[.]" *Id.* at 19. Given that the very records cited by the judge in relation to Dr. Jain's notes refer to the doctor's plan to "ask for surgical authorization[,]" *id.* at 326, the ALJ's statement is puzzling. On remand, the judge should consider the significance, if any, of this mischaracterization.

**B. Residual Functional Capacity**

Claimant asserts "[t]he ALJ failed to address [her] ability to sustain work activity on a regular and continuous basis in the presence of chronic pain that interferes with her ability to maintain concentration and attention." Memorandum at 10.

An individual's impairments, including any related symptoms, such as pain, "may [result in] physical and mental limitations that affect what [one] can do in a work setting." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). RFC is defined in the regulations

as what an individual "can still do despite [his or her] limitations." *Id.* It can include descriptions of limitations apart from those observed in the diagnosis and treatment of a medical condition. *See id.* §§ 404.1545(a)(3), 416.945(a)(3). Thus, "observations of [a claimant's] limitations from [his or her] impairments . . . provided by [the claimant, his or her] family, neighbors, friends, or other persons" will be considered. *Id.* This assessment is not to be equated with the ultimate decision on disability, but is merely an interim evaluation considered along with other factors in making the disability decision. *See id.* §§ 404.1545(a)(5)(ii), 416.945(a)(5)(ii). An individual's limitations may be exertional, nonexertional, or both. *See id.* §§ 404.1569a(a), 416.969a(a).

The regulations provide that decisions regarding an individual's RFC are made solely by the Commissioner. *See id.* §§ 404.1546(c), 416.946(c). According to SSR 96-8p, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"

As already discussed in relation to the first issue raised, the judge failed to explicitly consider Dr. Jain's opinion that Claimant's pain or fatigue frequently interferes with her ability

- 8 -

to attend and concentrate in a work setting,[6] as well as his determination as to the necessity for breaks and absences. The ALJ's RFC assessment reflected none of these limitations. *See* Tr. at 17. Similarly, at the second step of the sequential evaluation process, he determined simply "[t]here is no evidence that the claimant has any mental restriction on work related activities." *Id.* On remand, the ALJ should reconsider Claimant's RFC in terms of her ability to maintain attention and concentration and the potential need for frequent breaks and absences.

### IV. Conclusion

In accordance with the foregoing, the Clerk of the Court is directed to enter a judgment pursuant to sentence four of 42 U.S.C. § 405(g), and as incorporated by 42 U.S.C. § 1383(c)(3), **REVERSING** the Commissioner's decision with instructions to: 1) reevaluate the opinions of Dr. Jain; 2) reconsider Plaintiff's RFC as outlined herein; and 3) conduct any further proceedings deemed appropriate. If benefits are ultimately awarded, Plaintiff's counsel shall have thirty (30) days from receiving notice of the amount of past-due

---

[6] While the hypotheticals posed to the vocational expert mentioned that pain would have "some impact on" attention and concentration, resulting in a "mild to moderate limitation [that restricts Plaintiff] to simple, repetitive work[,]" Tr. at 460-62, this would not appear to account for the degree of interference signified by Dr. Jain.

benefits to seek the Court's approval of attorney's fees under the Social Security Act.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of November, 2008.

                                  /s/      Howard T. Snyder
                                HOWARD T. SNYDER
                                UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
     and pro se parties, if any